IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **YARDELLE INVESTMENT MANAGEMENT, LLC,** § § § | | |
| Plaintiff, § § | | |
| v. § § | Civil Action No. **3:09-CV-2324-L** | |
| **BANK OF NORTH GEORGIA f/k/a RIVERSIDE BANK**, § § § § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Dismiss, filed December 30, 2009. After careful consideration of the motion, response, reply, appendices, record, and applicable law, the court determines that it lacks personal jurisdiction over Defendant and that venue is improper in the Northern District of Texas. The court, rather than dismiss for lack of personal jurisdiction or improper venue, hereby **transfers** this action to the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 90(a)(2), 1406(a), and 1631.

**I.      Factual and Procedural Background**

Plaintiff Yardelle Investment Management, LLC ("Plaintiff" or "Yardelle") filed its Original Complaint on December 4, 2009. Plaintiff asserts diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff brings a claim for breach of contract and declaratory judgment against Defendant Bank of North Georgia ("Defendant" or "BNG") for its alleged failure to provide notice, in accordance with the parties' agreement, of a common borrower's defaulting on its loan with Defendant.

Yardelle is a limited liability company organized under the laws of the State of Texas with its principal place of business in Hurst, Texas. Yardelle alleges that in early 2006 it identified a residential real estate development project in Gwinnett County, Georgia, in which it wished to participate. In March 2006, as a mezzanine lender, Yardelle loaned to Park Ridge, LLC a sum of money secured by a second deed to secure the debt, which was subordinate to a senior loan held by Defendant, known then as Riverside Bank. Yardelle and Defendant executed an Intercreditor Agreement (the "Contract") which provided, among other things, that Defendant was to send written notice and provide Yardelle an opportunity to cure in the event that the borrower, Park Ridge, LLC, defaulted on its loan with Defendant. According to Plaintiff, Park Ridge, LLC defaulted on the loan, and BNG foreclosed on the property. BNG allegedly breached the Contract by failing to give Yardelle written notice and opportunity to cure. The property was then resold to third parties, who began building on the property.

Defendant is a bank organized under the laws of Georgia with its principal place of business in Alpharetta, Georgia. Defendant represents that all of BNG's locations and offices are in Georgia and its business activities are limited to that area. The affidavit of Bruce Dearing, Special Assets Manager for BNG, provides that BNG sent notice of the foreclosure via U.S. Certified Mail to Yardelle at one of the two addresses required by the Contract, but the letter was returned as undeliverable. BNG does not contend that it sent the required notice to the second address.

Defendant now moves to dismiss this action for lack of personal jurisdiction and proper venue, arguing that it does not possess sufficient minimum contacts with the State of Texas and that none of the bases for proper venue exists here. Plaintiff disputes this.

**Memorandum Opinion and Order – Page 2**

## II. Legal Standard

### A. Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a *prima facie* case for the court's jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a *prima facie* case that personal jurisdiction is proper, *id.*; proof by a preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes his prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the court must determine

whether (1) the defendants have established "minimum contacts" with the forum state; and, (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted). The "minimum contacts" prong of the inquiry may be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction is only appropriate when the nonresident defendant's cause of action arises from, or is directly related to, the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.* at 414 n.9.

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the

judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). As noted above, "once minimum contacts are established, a defendant must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Eviro Petroleum, Inc. v. Kondur Petroleum*, 79 F. Supp. 2d 720, 725 (S.D. Tex. 1999) (*quoting Burger King*, 471 U.S. at 277). In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Id.* (*quoting Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).

**B.** **Venue**

In a civil diversity action, venue is proper in either a judicial district where the defendant resides, or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or in which a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(a)(1)–(2). Venue is also proper in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. *Id.* § 1391(a)(3).

**III.** **Analysis**

Defendant has moved to dismiss the complaint against it for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for improper venue under Federal Rule of Civil Procedure 12(b)(3). The court will address each issue separately.

### A. Personal Jurisdiction

#### 1. General Jurisdiction

The exercise of general jurisdiction requires continuous and systematic general business contacts between the defendant and the forum state. *Helicopteros*, 466 U.S. at 416. The court must examine the totality of the defendant's contacts with the forum over a reasonable number of years to determine whether the defendant has established a business presence in the forum. *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000). Furthermore, "[t]he minimum contacts inquiry is broader and more demanding when general jurisdiction is alleged, requiring a showing of substantial activities in the forum state." *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir.), *cert. denied*, 506 U.S. 867 (1992).

Defendant asserts that its contacts with Texas are minimal and do not meet the requirements for general jurisdiction. BNG is organized under the laws of Georgia with its principal place of business in Georgia. All of BNG's branches, locations, and offices are in Georgia, and it does not conduct business in Texas or direct any business activities toward Texas. Plaintiff does not dispute the lack of general jurisdiction but instead focuses on specific jurisdiction. Accordingly, after considering Defendant's contacts with Texas in their totality, the court determines that Plaintiff has not presented a *prima facie* case of general jurisdiction.

#### 2. Specific Jurisdiction

Plaintiff argues that specific jurisdiction exists because the cause of action arises out of Defendant's obligation to provide notice in Texas. Plaintiff further contends that this part of the Contract was performable specifically in Texas and that BNG's failure to provide notice to the

**Memorandum Opinion and Order – Page 6**

second address as required by the Contract, especially when the letter sent to the first address was returned as undeliverable, deprived Yardelle of notice and the opportunity to cure the loan default.

Defendant argues that Yardelle cannot establish specific jurisdiction over it because BNG does not possess sufficient minimum contacts with Texas that directly relate to the cause of action. Defendant asserts that it could not reasonably have anticipated being haled into court since its only contact with Texas was sending notice to Yardelle in Texas. BNG asserts that this contact was a result of the "unilateral activity of Yardelle designating Texas the place to which BNG must address the Notices it sends to Yardelle." Def.'s Mot. to Dismiss 12.

To support the exercise of specific jurisdiction, Plaintiff's claims for breach of contract and declaratory judgment must relate to or arise from Defendant's contacts with Texas. *Helicopteros*, 466 U.S. at 414 n.8. Yardelle presents the following facts in support of jurisdiction: 1) Defendant entered into the Contract with a Texas company, 2) the Contract required that Defendant provide notice to the Plaintiff at two Texas addresses, and 3) BNG mailed notice to one of those addresses. The court will consider each jurisdictional fact in turn.

Specific jurisdiction may not be based upon the mere fortuity of Plaintiff's Texas residency. *See, e.g., Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986); *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 497 n.26 (5th Cir. 1974). "Merely contracting with a resident of the forum state does not establish minimum contacts." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007); *see also Burger King*, 471 U.S. at 478. Defendant did not reach out to Texas; its involvement in the forum state was the result of Plaintiff's seeking out an investment agreement with one of BNG's borrowers. Such fortuitous contacts cannot form the basis of specific jurisdiction. *Product Promotions*, 495 F.2d at 496.

**Memorandum Opinion and Order – Page 7**

Plaintiff next argues that Defendant was required to provide notice in Texas, and therefore BNG's obligation under the Contract was performable exclusively in Texas. Because the notice provision involved the sole affirmative act required of BNG and was particularly important—it would allow Yardelle to prevent foreclosure and protect or mitigate its losses—Yardelle contends that this constituted significant business activity. The place of contract performance is a "weighty consideration" in determining specific jurisdiction. *Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1205 (5th Cir. 1993). Defendant asserts, however, that the Contract was wholly performable in Georgia and governed by Georgia law. BNG points to Section 10 of the Contract, which reads:

> Legal Construction. In all respects, including, without limitation, matters of construction and performance of this Agreement and the obligations arising hereunder, this Agreement shall be governed by, and construed in accordance with, the internal laws of the State of Georgia applicable to agreements intended to be wholly performed within the State of Georgia.

Def.'s App. 14 § 10. Defendant argues that any failure to send notice occurred in Georgia, where the notices would have been prepared, addressed, and mailed.

The parties dispute the meaning of the notice provision; Plaintiff asserts that BNG agreed to provide notice in Texas, while BNG contends it agreed to send notice from Georgia. The Contract states in Section 5(c) that Defendant will "provide" notice; Section 7 requires that notice "be . . . sent" and specifies the parties' addresses. Def.'s App. 13–14. Section 7 also states that notice "shall be deemed to have been received" after specified lengths of time depending on the method of sending. The Contract does not require actual delivery or receipt of notice. In addition, Section 10 indicates the parties expected that performance of the Contract would occur within the State of Georgia. Accordingly, after considering the language of the Contract between the parties,

the court determines that the notice required by the Contract was performable in the State of Georgia, not in the State of Texas.

Further, Plaintiff argues that the notice letter BNG sent was an action directed toward the State of Texas. According to Yardelle, this was significant activity because the notice provision involved the sole affirmative act required of BNG and was the provision out of which this action arose.

Sending notice to a Texas address, however, is not a jurisdictionally significant contact. The Fifth Circuit has found similar actions insufficient to establish personal jurisdiction. For example, an out-of-state defendant's sending payments to the forum state did not constitute purposeful availment. *Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1029 (5th Cir. 1983) ("Nor do we weigh heavily the fact that [the purchaser] may have mailed payment checks into the forum state in exchange for the goods."). Similarly, BNG's mailing notice to a Texas address did not constitute purposeful availment of the privilege of conducting business within Texas or invoke the benefits and protections of Texas law.

The court examines the quality and nature of a defendant's activities with the ultimate aim of determining whether the defendant purposefully availed itself of the privileges afforded by the forum state. *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). "The number of contacts with the forum state is not, in itself, determinative." *Hydrokinetics*, 700 F.2d at 1028. Viewing all of Defendant's contacts in their totality, the court determines that it has not purposefully availed itself of the benefits of the forum state such that it could reasonably anticipate being haled into court in Texas. Therefore, the court concludes that Plaintiff has failed to present a *prima facie* case of specific jurisdiction.

### B. Venue

Plaintiff argues that venue is proper because BNG's failure to provide notice in Texas constituted a substantial event or omission giving rise to the claim. Yardelle further asserts that BNG should be deemed to reside in the Northern District of Texas under Section 1391(c) because BNG is a corporation and is subject to personal jurisdiction in this District. Defendant argues that venue is improper because all of the alleged events or omissions occurred in Georgia, the Contract was performable in Georgia, and the foreclosed property was located in Georgia.

As discussed above, the notice required by the Contract was performable in the State of Georgia, not in the State of Texas. Consequently, any failure on BNG's part in providing that notice would also have occurred in Georgia. Plaintiff does not allege that any other specific events or omissions occurred in Texas. *See* Pl.'s Resp. 8-9. The court must therefore conclude that no alleged event or omission giving rise to this claim occurred in Texas; nor can Defendant be deemed to reside in the Northern District of Texas. For the reasons explained above, BNG is not subject to personal jurisdiction in this District. The parties do not dispute the location of the property in Georgia. Accordingly, the court determines that Plaintiff's assertions of proper venue under Section 1391(a)(1) and (2) are without sufficient basis. Venue is also improper under Section 1391(a)(3) because, as explained, personal jurisdiction does not exist here. The court therefore determines that Defendant has carried its burden under Rule 12(b)(3).

### IV. Conclusion

For the foregoing reasons, the court determines that Defendant BNG does not have sufficient contacts with the state of Texas to establish general or specific jurisdiction over it and that venue is improper. While Defendant is entitled to dismissal of this action, the court concludes that it is in

**Memorandum Opinion and Order – Page 10**

the interest of justice to transfer this action to a district and division in which it could have been brought. Accordingly, the court, rather than dismiss for lack of personal jurisdiction or improper venue, hereby **transfers** this action to the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 90(a)(2), 1406(a), and 1631. The clerk of the court shall effect this transfer in accordance with the usual procedure.

    **It is so ordered** this 28th day of May, 2010.

    Sam A. Lindsay
    United States District Judge